UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ROBERT HANNAH, | ) | Case No.: 10-CV-04858-LHK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| UNITED STATES DEPARTMENT OF | ) | MOTION TO DISMISS |
| VETERANS AFFAIRS, | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Robert Hannah brings suit requesting review of the denial of total disability issued by Defendant United States Department of Veterans Affairs ("VA").  Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Pursuant to Civil Local Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument and VACATES the motion hearing scheduled for April 21, 2011.  For the reasons discussed below, Defendant's motion to dismiss is GRANTED.

I.       BACKGROUND

Plaintiff Hannah is a veteran who served in active duty from 1979 to 1982 before being discharged with a service-related disability.  Compl. at 13.  He initially received a disability rating of 40%, which was increased to 60% in 1986.  *Id.* at 3, 13.  This rating again increased in 1997, when Plaintiff received a rating of Total Disability due to Individual Unemployability ("TDIU").  *Id*.  In 2001, Plaintiff received an Associate's degree in surgical technology, and located work as a

1

United States District Court
For the Northern District of California

surgical technician.  *Id.* at 3, 14.  However, Plaintiff's disability interfered with his ability to work.  *Id.* at 4.  Upon examination by a VA physician, Plaintiff, his employer, and the VA agreed that Plaintiff should resign from his employment and remain under the benefits of TDIU.  *Id.*

In 2005, Plaintiff again started working as a surgical technician on a *per diem* basis.  *Id.*  In light of Plaintiff's employment, on March 2, 2007, the VA proposed discontinuation of the TDIU benefits.  *Id.*  On April 17, 2002, the VA notified the Plaintiff of a request for physical examination to evaluate the severity of his conditions.  *Id.*  On August 23, 2007, before a physical examination had been scheduled, the VA determined that the Plaintiff was gainfully employed and discontinued TDIU benefits.  *Id.*  In 2008, Plaintiff was terminated from his employment.  *Id.* at 16.

Since receipt of the notice proposing discontinuation of TDIU benefits in March of 2007, Plaintiff has contacted the VA Regional Office multiple times regarding the lack of a physical examination, requesting a personal hearing, and requesting a hearing before the Board of Veterans' Appeals.  *Id.* at 4-6.  The VA has engaged in written correspondence with the Plaintiff, but no hearing has been held.  *Id.* at 18-19.  Plaintiff filed his complaint on October 26, 2010, requesting reinstatement of TDIU by the VA with retroactive benefits from November 30, 2007.

II.    LEGAL STANDARDS

Except where statutes divest courts of jurisdiction, agency action is judicially reviewable under 28 U.S.C. § 1331.  *Califano v. Sanders*, 430 U.S. 99, 107 (1977).  Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of a complaint if the Court lacks subject matter jurisdiction.  On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989).  "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."  *Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001)

2

Case No.: 10-cv-04858
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    (citations and internal quotations omitted).

2        III.    DISCUSSION

3        Plaintiff claims that Defendant improperly denied him TDIU benefits.  Compl. at 1-2.

4    Plaintiff further contends that Defendant's current actions regarding the adjudication of his claims

5    are in violation of the Fourteenth Amendment.  *Id.* at 6; P.'s Resp. to MTD at 1.  Defendant has

6    moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  Defendant argues

7    that District Court review is precluded by the doctrine of sovereign immunity as well as by 38

8    U.S.C. § 511.

9        a.    Sovereign Immunity

10        Defendant's motion to dismiss has raised the defense of sovereign immunity, which is

11   evidence of the VA's intent to retain the protection.  *See, Yakima Indian Nation v. State of Wash.*

12   *Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999) (holding that cooperation in litigation did

13   not act as a waiver of Eleventh Amendment immunity because the state agency asserted sovereign

14   immunity as an affirmative defense in its first responsive pleading).  The United States may not be

15   sued without its consent, and the terms of its consent to be sued define this Court's jurisdiction.

16   *See United States v. Dalm*, 494 U.S. 596, 608 (1990).  "Where a suit has not been consented to by

17   the United States, dismissal of the action is required."  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458

18   (9th Cir. 1985).  Waiver of this immunity cannot be implied.  Rather, such waiver must be

19   unequivocally expressed.  *Id.*  This sovereign immunity extends to government agencies like the

20   VA.  *See Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) ("In order for a

21   plaintiff to bring a viable suit against the federal government or its agencies, the government must

22   have waived its sovereign immunity.").  Accordingly, without a waiver of sovereign immunity, this

23   Court lacks subject matter jurisdiction in this case.

24        b.    Administrative Procedures Act

25        The Administrative Procedures Act ("APA") acts as a waiver of sovereign immunity for

26   certain agency actions.  5 U.S.C. § 702.  However, this waiver is limited.  Section 701 denies

27   authority to grant relief if review is precluded by other statutes.  5 U.S.C. § 701(a)(1).  District

28   Court review of actions involving the administration of veterans' benefits is explicitly precluded by

3

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

statute.  Title 38, U.S.C. § 511 provides in pertinent part that "the decision of the Secretary as to any such question [regarding the provision of benefits to veterans] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."  This statute bars District Courts from hearing individual claims for veterans' benefits.  *See Tietjen v. U.S. Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989).  Furthermore, by statute, judicial review of any dispute over the administration of veterans' benefits beyond the Board of Veterans' Appeals is given to the U.S. Court of Appeals for Veterans Claims ("CAVC").  *See* 38 U.S.C. § 7261.  Appeals from the CAVC are exclusively under the jurisdiction of the U.S. Court of Appeals for the Federal Circuit.  *See* 38 U.S.C. § 7292.  Thus, the statutory procedure for judicial review of individual claims involving veterans' benefits also precludes review by the District Court.

### c.   Fourteenth Amendment

Plaintiff argues that the actions of the Defendant are in violation of his Fourteenth Amendment right to due process.  Compl. at 6; Pl.'s Resp. to MTD at 1.  The Fourteenth Amendment applies to actions by a State and does not confer jurisdiction on this Court over this matter.  While other courts have permitted a challenge to the constitutional validity of veterans' benefit legislation, no such challenge is brought here by the Plaintiff.  *See, e.g.*, *Disabled Am. Veterans v. U.S. Dept. of Veterans Affairs*, 962 F.2d 136, 140-41 (2d Cir. 1992).

### d.   Sufficiency of Service

Defendant argues that Plaintiff has not properly served his complaint according to the Federal Rules of Civil Procedure.  Because subject matter jurisdiction is lacking in the present case, this issue of sufficiency of service is moot.

## IV.   CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion.  Plaintiff's Complaint is DISMISSED without prejudice to his asserting these claims in the proper forum.

4

1    **IT IS SO ORDERED.**

2    Dated: April 15, 2011

3                                                              _____
                                                             LUCY H. KOH
4                                                            United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 10-cv-04858
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS